### R. E. KUHN v. AKE NELSON.

FILED JANUARY 23, 1901.    No. 9,337.

1. **Written Instructions:** WAIVER. At the conclusion of the taking of testimony in an action involving a small amount, it was stipulated by the parties that the court may instruct the jury orally in the case, such instructions to be of the same force and effect as though they were written out and read by the court to the jury in the usual manner. No objection was made or exception or other action taken because the oral instructions were not reduced to writing, filed with the clerk, and given to the jury. *Held*, That the stipulation waiving the giving of the instructions in the usual manner and agreeing to their being given orally also waived any right of the complaining party to have them reduced to writing, filed with the clerk and given to the jury during its deliberation upon the case.

2. **Evidence:** VERDICT. Evidence being conflicting, the verdict will not be disturbed when supported by sufficient competent evidence.

ERROR from the district court for Dakota county. Tried below before EVANS, J.  *Affirmed.*

*Jay & Welty,* for plaintiff in error.

*William P. Warner* and *W. A. Martin, contra.*

HOLCOMB, J.

The judgment of the trial court should be affirmed. The assignment of error argued and relied on is as follows:

"The court erred in instructing the jury orally and not reducing his instructions to writing and filing the same with the clerk, and permitting the jury to take the written instructions to the jury room, when they retired to deliberate."

At the conclusion of the introduction of evidence on the trial of the case the parties filed the following stipulation: "It is hereby stipulated and agreed by and between the parties to this action, and with their consent, that the court may instruct the jury orally in this case, and such instructions to be of the same force and effect as though they were written out and read by the court to the jury in the usual manner." No objection was made or exception or other action taken because the oral instructions were not reduced to writing, filed with the clerk and given to the jury. The case was unimportant and involved only a small amount. Under the circumstances, and in view of the stipulation, we regard it as entirely clear that the waiver of the giving of the instructions in the usual manner was intended to, and did, operate as a waiver of any right the complaining party had to have them reduced to writing, and taken by the jury during its deliberation of the case.

The evidence is conflicting, and the verdict is supported by sufficient competent evidence.

AFFIRMED.